UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MARKEVIAS BANKS,

        Petitioner,

v.                                   Case No. 3:15-cv-1497-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

_____

## ORDER

### I. Status

Petitioner Markevias Banks, an inmate of the Florida penal system, initiated this action on December 9, 2015,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Banks is proceeding on an Amended Petition (Amended Petition; Doc. 12) filed on May 11, 2016. In the Amended Petition, Banks challenges 2010 state court (Duval County, Florida) judgments of conviction for two counts of possession of a firearm by a convicted felon, attempted second degree murder, and aggravated assault. Banks raises eight grounds for relief. See Doc. 12 at 5-16.[2] Respondents have submitted a memorandum in opposition to the Amended Petition. See Respondent's Answer in Response to Order to Show Cause and Petition for Writ of Habeas Corpus (Resp.; Doc. 22) with exhibits (Resp. Ex.). Banks submitted a brief in reply on May 23, 2017. See

_____

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

Petitioner's Response and Memorandum of Law to Respondent's Response (Reply; Doc. 26). This case is ripe for review.

## II. Procedural History

On June 14, 2010, in Duval County case number 2010-CF-3658 (case 10-CF-3658), the State of Florida (State) charged Banks with possession of a firearm by a convicted felon (count one) and aggravated assault (count two). Resp. Ex. A. On December 8, 2010, in Duval County case number 2010-CF-4287 (case 10-CF-4287), the State, by way of amended Information, charged Banks with attempted second-degree murder (count one) and possession of a firearm by a convicted felon (count two). Resp. Ex. E. Also on December 8, 2010, Banks entered into a negotiated plea of guilty that resolved both cases. Resp. Ex. B. Pursuant to the plea agreement, the circuit court sentenced Banks in case 10-CF-3658 to a term of incarceration of fifteen years, with a three-year minimum mandatory, as to count one, and five years imprisonment, with a three-year minimum mandatory as to count two. Resp. Ex. C. In case 10-CF-4287, the circuit court sentenced Banks to a term of incarceration of twenty years in prison, with a ten-year minimum mandatory, as to count one, and fifteen years in prison, with a three-year minimum mandatory as to count two. Resp. Ex. F. The circuit court ordered all counts in both cases to run concurrently to each other. Id. at 7. Banks did not appeal his convictions and sentences.

On November 18, 2011, Banks filed a pro se Motion for Postconviction Relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion), which addressed the voluntariness of his guilty plea in both cases. Resp. Ex. G at 1-12. Banks amended his pro se Rule 3.850 Motion on March 16, 2012 (Amended Rule 3.850 Motion).

Id. at 13-27. In his Amended Rule 3.850 Motion, Banks raised five grounds for relief, alleging trial counsel was ineffective for: failing to investigate and interview witnesses (ground one); failing to move to suppress evidence (ground two); failing to file a notice of expiration of his speedy trial rights (ground three); failing to challenge the legality of the State's arrest warrant (ground four); and failing to suppress evidence involving a traffic stop (ground five). Id. On April 4, 2012, with the assistance of counsel, Banks filed another amended Rule 3.850 Motion (Second Amended Rule 3.850 Motion). Id. at 53-62. In his Second Amended Rule 3.850 Motion, Banks raised three grounds for relief alleging trial counsel was ineffective for:  advising Banks to waive his speedy trial rights (ground one); failing to move to dismiss the charge against Banks in case 10-CF-4287 (ground two); and failing to challenge the legality of Banks' arrest (ground three). Id. The circuit court denied Banks' Second Amended Rule 3.850 Motion on May 7, 2015. Id. at 74-76. On May 15, 2015, Banks, with the assistance of counsel, filed a motion for rehearing, in which he argued that the circuit court failed to address all the claims raised in his Second Amended Rule 3.850 Motion. Id. at 79-80. The circuit court denied the motion for rehearing on May 26, 2015, but stated it would enter an amended order on Banks' Second Amended Rule 3.850 Motion. Id. at 81. The following day, the circuit court entered its amended order denying the grounds raised in both Banks' Amended and Second Amended Rule 3.850 Motion. Id. at 82-84. The First DCA per curiam affirmed the circuit court's order without a written opinion on November 4, 2015. Resp. Ex. J. The First DCA issued its Mandate on November 20, 2015. Resp. Ex. K.

### III. One-Year Limitations Period

This action is timely filed within the one-year limitations period. See 28 U.S.C. § 2244(d).

### IV. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318-19 (11th Cir. 2016), cert. denied, 137 S. Ct. 2245 (2017). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro, 550 U.S. at 474. The pertinent facts of this case are fully developed in the record before the Court. Because the Court can "adequately assess [Bank's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### V. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief

functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011) (quotation marks omitted)). As such, federal habeas review of final state court decisions is "'greatly circumscribed' and 'highly deferential.'" Id. (quoting Hill v. Humphrey, 662 F.3d 1335, 1343 (11th Cir. 2011) (quotation marks omitted)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the claim on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation, the United States Supreme Court recently stated:

> [T]he federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds that were briefed or argued to the higher court or obvious in the record it reviewed. Id. at 1192, 1196.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigation of the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d); Richter, 562 U.S. at 97-98. As the Eleventh Circuit has explained:

> First, § 2254(d)(1) provides for federal review for claims of state courts' erroneous legal conclusions. As explained by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000), § 2254(d)(1) consists of two distinct clauses: a "contrary to" clause and an "unreasonable application" clause. The "contrary to" clause allows for relief only "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523 (plurality opinion). The "unreasonable application" clause allows for relief only "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

> Second, § 2254(d)(2) provides for federal review for claims of state courts' erroneous factual determinations. Section 2254(d)(2) allows federal courts to grant relief only if the state court's denial of the petitioner's claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has not yet defined § 2254(d)(2)'s "precise relationship" to § 2254(e)(1), which imposes a burden on the petitioner to rebut the state court's factual findings "by clear and convincing evidence." See Burt v. Titlow, 571 U.S. ---, ---, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013); accord Brumfield v. Cain, 576 U.S. ---, ---, 135 S. Ct. 2269, 2282, 192 L.Ed.2d 356 (2015). Whatever that "precise relationship" may be, "'a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'"[3] Titlow, 571 U.S. at ---, 134 S. Ct. at 15 (quoting Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841, 849, 175 L.Ed.2d 738 (2010)).

---

[3] The Eleventh Circuit has described the interaction between § 2254(d)(2) and § 2254(e)(1) as "somewhat murky." Clark v. Att'y Gen., Fla., 821 F.3d 1270, 1286 n.3 (11th Cir. 2016), cert. denied, 137 S. Ct. 1103 (2017).

Tharpe v. Warden, 834 F.3d 1323, 1337 (11th Cir. 2016), cert. denied, 137 S. Ct. 2298 (2017). Also, deferential review under § 2254(d) generally is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (stating the language in § 2254(d)(1)'s "requires an examination of the state-court decision at the time it was made").

Thus, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." Burt v. Titlow, 134 S. Ct. 10, 16 (2013). "Federal courts may grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fairminded jurists could disagree.'" Tharpe, 834 F.3d at 1338 (quoting Richter, 562 U.S. at 102-03). This standard is "meant to be" a "difficult" one to meet. Richter, 562 U.S. at 102. Thus, to the extent that a petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under 28 U.S.C. § 2254(d).

## B. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540 U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003), and Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688, 104 S. Ct. 2052. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of

reasonable professional assistance. Id., at 689, 104 S. Ct. 2052. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S. Ct. 2052.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S. Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S. Ct. 2052.

Richter, 562 U.S. at 104. The Eleventh Circuit has recognized "the absence of any iron-clad rule requiring a court to tackle one prong of the Strickland test before the other." Ward, 592 F.3d at 1163. Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Id. (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)). As stated in Strickland: "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

A state court's adjudication of an ineffectiveness claim is accorded great deference.

"[T]he standard for judging counsel's representation is a most deferential one." Richter, - U.S. at -, 131 S. Ct. at 788. But "[e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. (citations and quotation marks omitted). "The

> question is not whether a federal court believes the state court's determination under the <u>Strickland</u> standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied <u>Strickland</u>'s deferential standard," then a federal court may not disturb a state-court decision denying the claim. <u>Richter</u>, - U.S. at -, 131 S. Ct. at 788.

<u>Hittson v. GDCP Warden</u>, 759 F.3d 1210, 1248 (11th Cir. 2014); <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009). "In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision." <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004). As such, "[s]urmounting <u>Strickland</u>'s high bar is never an easy task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

## VI. Findings of Fact and Conclusions of Law

### A. Grounds One and Four (C)

In Ground One, Banks alleges that trial counsel was ineffective for misadvising him to waive his speedy trial rights. Doc. 12 at 5. According to Banks, the waiver of his speedy trial rights allowed the State to amend the Information in case 10-CF-4287 on the day of his plea. <u>Id.</u> Similarly, in Ground Four (C), Banks contends his trial counsel was ineffective for failing to file a notice of expiration of speedy trial after Banks informed counsel his speedy trial period had expired. <u>Id.</u> at 14. Banks alleges the State could not have brought him to trial within the fifteen-day recapture period but does not explain why. <u>Id.</u>

Banks raised the claim in Ground One in state court as ground one of his Second Amended Rule 3.850 Motion, Resp. Ex. G at 55-58, and raised the claim in Ground Four

(C) as ground C of his Amended Rule 3.850 Motion. Id. at 26-27 The circuit court denied relief on these claims, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel . . . failed to move for a discharge and advised his client to waive speedy trial . . . There is nothing in the record to support these conclusory statements. . . . Further, a defendant can not [sic] demonstrate prejudice by counsel[']s failure to move for a discharge under the speedy trial rules without establishing that the state could not bring the defendant to trial within the fifteen-day recapture period. Wells v. State, 881 So. 2d 54 (Fla. 4th DCA 2004). . . . [T]he Defendant has failed to show that there is a reasonable probability that had counsel acted as the Defendant suggests he should have that the outcome would have been any different. Accordingly, this Court finds the Defendant has not established error on the part of counsel that prejudiced his case. Strickland, 446 U.S. 668.

Id. at 83. Banks appealed and the First DCA per curiam affirmed the circuit court's denial of this claim without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided these claims on the merits,[4] the Court will address these claims in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of these claims was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief on the basis of these claims.

---

[4] In looking through the appellate court's per curiam affirmance to the circuit court's "relevant rationale," the Court presumes that the appellate court "adopted the same reasoning." Wilson, 138 S. Ct. at 1194.

Nevertheless, even if the state appellate court's adjudication of these claims is not entitled to deference, the claims raised in Grounds One and Four (C) are without merit. Florida Rule of Criminal Procedure 3.191 governs a defendant's right to speedy trial in the Florida criminal judicial system. Pursuant to Rule 3.191(a), the State shall bring a defendant charged with a felony to trial within 175 days. "This right is not self-executing and requires a defendant to take affirmative action to avail himself of the remedies provided under the statute." Dillard v. Sec'y, Dep't of Corr., 440 F. App'x 817, 819 (11th Cir. 2011) (citing State v. Nelson, 26 So.3d 570, 574 (Fla. 2010)). To this end, Rule 3.191(b) provides that a defendant has the right to demand a trial within sixty days of filing a Demand for Speedy Trial.

Notably, "[under Florida law,] a waiver of speedy trial by counsel is binding on the defendant, 'even though done without consulting him and even against the client's wishes.'" Dillard, 440 F. App'x at 820 (quoting State v. Kruger, 615 So.2d 757, 759 (Fla. 4th DCA 1993)); see also New York v. Hill, 528 U.S. 110, 115 (2000) (holding that defense counsel could waive defendant's right to be brought to trial within the 180-day period specified under the Interstate Agreement on Detainers, by agreeing to a trial date outside that period, even without the express consent of defendant). Moreover, "'[a] claim of ineffective assistance of counsel based on a failure to seek discharge because of a violation of the speedy trial rule is extremely tenuous where the State had available the recapture window of Rule 3.191(p)(3),' which was added in 1985 to give 'the system a chance to remedy a mistake.'" Remak v. State, 142 So. 3d 3, 6 (Fla. 2d DCA 2014) (quoting Hammond v. State, 34 So. 3d 58, 60 (Fla. 4th DCA 2010); Florida Bar Re: Amend. to Rules-Criminal Procedure, 462 So. 2d 386 (Fla. 1984)).

In case 10-CF-3658, law enforcement arrested Banks on April 4, 2010, Resp. Ex. A1, and in case 10-CF-4287, law enforcement arrested Banks on April 20, 2010. Resp. Ex. E1. The record reflects that Banks waived his speedy trial rights in both cases on October 5, 2010. Resp. Exs. A2; E3. Accordingly, the 175-day speedy trial period had lapsed by the time Banks waived his speedy trial in case 10-CF-3658, but not in case 10-CF-4287.

Regarding Ground One, Banks' claim that trial counsel misadvised him into signing the waiver of his speedy trial rights fails because trial counsel was entitled to waive Banks' speedy trial rights even over Banks' objection. See Dillard, 440 F. App'x at 820. Therefore, whether counsel misadvised Banks is irrelevant to the propriety of counsel's decision to waive Banks' speedy trial rights. Moreover, Banks has failed to allege how in fact trial counsel misadvised him; therefore, this claim is conclusory and not entitled to federal habeas relief. See Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (holding that conclusory allegations of ineffective assistance of counsel are insufficient to merit habeas relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (recognizing that vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim).

Turning to Ground Four (C), as Banks waived his right to speedy trial in case 10-CF-4287 prior to expiration of his speedy trial period, counsel could not have filed a notice of expiration of speedy trial in that case. Therefore, counsel cannot be deemed deficient for failing to raise a meritless argument in that case. See Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1142 (11th Cir. 2005) (holding counsel cannot be ineffective for failing to raise a meritless argument); Bolender v. Singletary, 16 F.3d 1547, 1573 (11th

Cir. 1994) (noting that "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). As it relates to case 10-CF-3658, Banks cannot demonstrate prejudice. Banks conclusory claim that the State could not have brought him to trial within the recapture period is speculative because he offers no explanation or evidence in support of this assertion. Doc. 12 at 14. Such a conclusory and speculative allegation of prejudice is insufficient to warrant federal habeas relief. See Wilson, 962 F.2d at 998; Tejada, 941 F.2d at 1559.

Banks has also failed to adequately plead prejudice because he did not allege that he would not have entered the plea but for counsel's alleged errors. See Hill v. Lockhart, 474 U.S. 52, 60 (1985) (holding that district court did not err in denying petitioner's federal habeas petition where "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial."). Instead, Banks' allegation of prejudice concerns the State amending the Information after he waived his speedy trial rights. Doc. 12 at 5. Accordingly, Banks has failed to establish the requisite prejudice needed to receive federal habeas relief on a claim that he involuntarily entered a plea based on ineffective assistance of counsel. Hill, 474 U.S. at 60; see also Ward, 592 F.3d at 1163 (noting "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa."). Therefore, the relief sought in Grounds One and Four (C) is due to be denied.

### B. Ground Two

Banks contends that his trial counsel was ineffective for failing to move to dismiss the charges against him. Doc. 12 at 7. According to Banks, law enforcement did not collect

any physical evidence at the crime scene linking him to the offense. Additionally, Banks alleges the victim did not pick him out of photo lineup. Id. As such he claims counsel should have moved to dismiss the charges against him.

Banks raised this claim in state court as ground two of his Second Amended Rule 3.850 Motion. Resp. Ex. G at 58-59. The circuit court rejected the claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel . . . failed to file a motion to dismiss . . . There is nothing in the record to support these conclusory statements. There is no evidence that there were grounds for a motion to suppress or dismiss or that if one had been filed it would have been granted by the trial court. Further, the Defendant's plea form under heading "**Consultation With Attorney**" and "**Time for Consideration and Reflection**" clearly sets forth that the defendant and his attorney discussed all the charges and the possible defenses and the defendant chose to enter his plea of guilty because he believed it was in his best interest to do so. . . . [T]he Defendant has failed to show that there is a reasonable probability that had counsel acted as the Defendant suggests he should have that the outcome would have been any different. Accordingly, this Court finds the Defendant has not established error on the part of counsel that prejudiced his case. Strickland, 446 U.S. 668.

Id. at 83 (emphasis in original and record citations omitted). Banks appealed and the First DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[5] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly

---

[5] In accordance with Wilson, the Court presumes that the appellate court adopted the "relevant reasoning" of the circuit court. Wilson, 138 S. Ct. at 1194.

established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not entitled to deference, the claim in Ground Two is without merit. Under Florida law, a defendant waives any right to have his or her counsel investigate or put forward a defense when he or she enters a guilty plea. Smith v. State, 41 So. 3d 1037, 1040 (Fla. 1st DCA 2010) (citing Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006)). Similarly, "[w]here a defendant enters a plea and swears that he is satisfied with his counsel's advice, he may not later attack counsel's effectiveness for failure to investigate or defend the charge." Id. Banks entered into a guilty plea whereby he admitted his guilt as to each count in each case and his signed plea form reflects that he was completely satisfied with his counsel's services. Resp. Ex. B. Accordingly, he waived any right to have counsel put forward a defense or argue counsel was ineffective for failing to defend. See Smith, 41 So. 3d at 1040.

Moreover, in Florida, a trial court should grant a motion to dismiss only where undisputed facts, when considered in a light most favorable to the State, do not establish a prima facie case of guilt. State v. Morris, 740 So. 2d 554, 554 (Fla. 1st DCA 1998). Here, a review of the arrest and booking reports in each case refutes Banks' allegation that there was no physical evidence linking him to the crimes. In case 10-CF-3658, the arrest and booking reports reflect that Banks attacked his mother and threatened his step-father with a gun, both of whom gave statements to law enforcement identifying Banks as

the perpetrator. Resp. Ex. A1. Likewise, in case 10-CF-4287, the victim Banks allegedly attempted to kill positively identified Banks, as did a witness who picked Banks out of a photo lineup, with both the victim and witness stating Banks fired a gun at the victim. Resp. Ex. E1. Accordingly, when viewed in a light most favorable to the State, there was sufficient evidence to establish a prima facie case of guilt for each count in each case. See Morris, 740 So. 2d at 554. Therefore, any motion to dismiss would have failed. As such, counsel cannot be deemed deficient for failing to file a meritless motion to dismiss. See Diaz, 402 F.3d at 1142 (11th Cir. 2005); Bolender, 16 F.3d at 1573 (11th Cir. 1994).

Lastly, Banks has failed to adequately plead prejudice because he did not allege, as Hill requires, that he would not have entered the plea but for counsel's alleged errors. See Hill, 474 U.S. at 59. Instead, he merely alleges, in a conclusory manner, that he was prejudiced. Doc. 12 at 7. Accordingly, Banks has failed to establish the requisite prejudice needed to receive federal habeas relief on this claim. See Hill, 474 U.S. at 59; see also Ward, 592 F.3d at 1163; Wilson, 962 F.2d at 998; Tejada, 941 F.2d at 1559. For the above stated reasons, the relief Banks seeks in Ground Two is due to be denied.

### C. Ground Three

As Ground Three, Banks maintains that his trial counsel was ineffective for failing to challenge the legality of his arrest. Doc. 12 at 8. Banks claims that he was a passenger in his girlfriend's vehicle when police stopped the vehicle because of a faulty brake light. Id. However, according to Banks, the arrest warrant states he was the driver. Id.

Banks raised a similar claim in state court as ground three of his Second Amended Rule 3.850 Motion. Resp. Ex. G at 59-60. The circuit court denied relief as to this claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel
> rendered ineffective assistance of counsel in that counsel . . .
> failed to challenge the defective arrest warrant. . . . Further,
> the Defendant's plea form under heading "**Consultation With
> Attorney**" and "**Time for Consideration and Reflection**"
> clearly sets forth that the defendant and his attorney
> discussed all the charges and the possible defenses and the
> defendant chose to enter his plea of guilty because he
> believed it was in his best interest to do so. . . . Finally, a
> review of the arrest warrant in question and the arrest and
> booking report refute the defendant's entitlement to relief on
> his allegations regarding the invalid arrest and defective arrest
> warrant. [T]he Defendant has failed to show that there is a
> reasonable probability that had counsel acted as the
> Defendant suggests he should have that the outcome would
> have been any different. Accordingly, this Court finds the
> Defendant has not established error on the part of counsel
> that prejudiced his case. <u>Strickland</u>, 446 U.S. 668.

<u>Id.</u> at 83 (emphasis in original and record citations omitted). Banks appealed and the First

DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[6] the Court will

address the claim in accordance with the deferential standard for federal court review of

state court adjudications. After a review of the record and the applicable law, the Court

concludes that the state court's adjudication of this claim was not contrary to clearly

established federal law, did not involve an unreasonable application of clearly established

federal law, and was not based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief

on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not

entitled to deference, the claim in Ground Three is without merit. Banks entered a plea

---

[6] In accordance with <u>Wilson</u>, the Court presumes that the appellate court adopted the "relevant reasoning" of the circuit court. <u>Wilson</u>, 138 S. Ct. at 1194.

agreement in which he admitted his guilt as to each count in each case and his signed plea form reflects that he was completely satisfied with his counsel's services. Resp. Ex. B. Accordingly, he waived any right to have counsel put forward a defense or to argue counsel was ineffective for failing to defend. Smith, 41 So. 3d at 1040. Moreover, as Banks was the subject of the arrest and was present in the car, he knew or should have known, prior to entry of the plea, that he was allegedly the passenger. Accordingly, he cannot now claim he entered his plea involuntarily. See Davis v. State, 938 So. 2d 555, 557 (Fla. 1st DCA 2006) (holding a defendant "cannot assert that his plea was not knowingly and voluntarily entered where he concedes he was well aware of his counsel's deficiencies prior to entry of his plea.").

Additionally, contrary to Banks' allegations, the arrest warrant did not discuss any details concerning how law enforcement effectuated the arrest. Resp. Ex. A3. Moreover, Banks does not allege that the traffic stop itself was illegal, but instead merely argues he was a passenger not a driver. Doc. 12 at 8. Regardless of whether Banks was the passenger, Banks acknowledges that the officer requested his identification and that he provided his identification which revealed the outstanding warrant. Banks fails to suggest how he could challenge the discovery of the warrant on those facts. Accordingly, any challenge to the arrest warrant on this ground would have been meritless. Therefore, counsel is not deficient for failing to argue a meritless position. See Diaz, 402 F.3d at 1142; Bolender, 16 F.3d at 1573.

Banks has also failed to adequately plead and demonstrate prejudice as Hill requires. Accordingly, Banks has failed to establish the requisite prejudice needed to receive federal habeas relief on a claim that he involuntarily entered a plea based on

ineffective assistance of counsel. Hill, 474 U.S. at 59; see also Ward, 592 F.3d at 1163. As Banks cannot demonstrate deficient performance or prejudice, his claim in Ground Three is due to be denied.

### D. Ground Four (A)

Banks asserts that his trial counsel was ineffective for failing to investigate and interview Calvin Thomas, Jeanette Thomas, and Lakeshia Banks. Doc. 12 at 12. According to Banks, these three witnesses were present at the scene of the crime. Id. However, Banks does not allege what these witnesses would have stated or how the failure to interview them prejudiced him. Id.

Banks raised this claim in state court as ground A of his Amended Rule 3.850 Motion. Resp. Ex. G at 18-20. The circuit court denied relief on this claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel failed to investigate and interview witnesses . . . There is nothing in the record to support these conclusory statements. . . . Further, the Defendant's plea form under heading "**Consultation With Attorney**" and "**Time for Consideration and Reflection**" clearly sets forth that the defendant and his attorney discussed all the charges and the possible defenses and the defendant chose to enter his plea of guilty because he believed it was in his best interest to do so. . . . [T]he Defendant has failed to show that there is a reasonable probability that had counsel acted as the Defendant suggests he should have that the outcome would have been any different. Accordingly, this Court finds the Defendant has not established error on the part of counsel that prejudiced his case. Strickland, 446 U.S. 668.

Id. at 83 (emphasis in original and record citations omitted). Banks appealed and the First DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[7] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not entitled to deference, the claim in Ground Four (A) is without merit. Banks waived any argument his counsel should have investigated or put forward a defense when he entered his guilty plea and affirmed his satisfaction with his counsel's services. Smith, 41 So. 3d at 1040. Additionally, Banks did not allege any prejudice with respect to this claim in his Amended Petition. Doc. 12 at 12. Accordingly, Banks has failed to establish the requisite prejudice needed to be entitled to federal habeas relief. See Hill, 474 U.S. at 59; see also Ward, 592 F.3d at 1163. Moreover, Banks' claim is entirely conclusory as he fails to allege any specific facts as to how these witnesses could have supported his defense. Doc. 12 at 12. As this claim is conclusory, Banks is not entitled to federal habeas relief. See Wilson, 962 F.2d at 998; Tejada, 941 F.2d at 1559.

The Court notes Calvin and Jeannette Thomas are Banks' stepfather and mother, who were the victims identified in case 10-CF-3658. Resp. Ex. A1. Both gave conforming

---

[7] In accordance with Wilson, the Court presumes that the appellate court adopted the "relevant reasoning" of the circuit court. Wilson, 138 S. Ct. at 1194.

statements to law enforcement that Banks wrestled his mother to the ground and pointed a gun at his stepfather. Id. Based on their statements to police, the Court finds these witnesses would not have been beneficial to Banks' defense. Likewise, in case 10-CF-4287, two witnesses, including the victim and a bystander, identified Banks as the shooter. Accordingly, in light of these eyewitness accounts in both cases, the Court finds that even if Banks had adequately alleged prejudice he would not have been able to demonstrate it because he presented no facts suggesting a reasonable probability that he would have rejected the plea when faced with the overwhelming evidence of his guilt. This is particularly true given the fact that pursuant to the plea agreement Banks received sentences less than the maximum he could have received. Resp. Exs. C; F; see also Hill, 474 U.S. at 59-60. For these reasons, the claim raised in Ground Four (A) is due to be denied.

## E. Ground Four (B)

In Ground Four (B), Banks asserts that his trial counsel was ineffective for failing to investigate and suppress evidence. Doc. 12 at 13. However, he provides no supporting facts suggesting what evidence counsel should have sought to suppress or why. Id. Instead, Banks seems to argue there was insufficient evidence to support the offenses charged in case 10-CF-4287. Id.

Banks raised this claim in state court as ground B of his Amended Rule 3.850 Motion. Resp. Ex. G at 20-22. The circuit court denied relief on this claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel . . . failed to suppress evidence . . . There is nothing in the record to support these conclusory statements. There is no evidence

> that there were grounds for a motion to suppress or dismiss
> or that if one had been filed it would have been granted by the
> trial court. Further, the Defendant's plea form under heading
> "**Consultation With Attorney**" and "**Time for Consideration
> and Reflection**" clearly sets forth that the defendant and his
> attorney discussed all the charges and the possible defenses
> and the defendant chose to enter his plea of guilty because
> he believed it was in his best interest to do so. . . . [T]he
> Defendant has failed to show that there is a reasonable
> probability that had counsel acted as the Defendant suggests
> he should have that the outcome would have been any
> different. Accordingly, this Court finds the Defendant has not
> established error on the part of counsel that prejudiced his
> case. <u>Strickland</u>, 446 U.S. 668.

<u>Id.</u> at 83 (emphasis in original and record citations omitted). Banks appealed and the First

DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[8] the Court will

address the claim in accordance with the deferential standard for federal court review of

state court adjudications. After a review of the record and the applicable law, the Court

concludes that the state court's adjudication of this claim was not contrary to clearly

established federal law, did not involve an unreasonable application of clearly established

federal law, and was not based on an unreasonable determination of the facts in light of

the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief

on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not

entitled to deference, the claim in Ground Four (B) is without merit. To the extent Banks

claims counsel should have filed a motion to suppress, the Court finds this claim to be

entirely conclusory and not entitled to habeas relief. <u>See</u> <u>Wilson</u>, 962 F.2d at 998; <u>Tejada</u>,

---

[8] In accordance with <u>Wilson</u>, the Court presumes that the appellate court adopted
the "relevant reasoning" of the circuit court. <u>Wilson</u>, 138 S. Ct. at 1194.

941 F.2d at 1559. Also, Banks waived any claim based on counsel's failure to investigate or defend, when he entered a guilty plea and affirmed his satisfaction with counsel. See Smith, 41 So. 3d at 1040. Likewise, to the extent Banks asserts counsel failed to attack the sufficiency of the evidence against him, he waived his right to challenge the evidence by entering the plea. See Id.

Additionally, Banks failed to allege and establish prejudice, see Doc. 12 at 12, as Hill requires; therefore, he is not entitled to federal habeas relief on this claim. See Hill, 474 U.S. at 59; Ward, 592 F.3d at 1163. Even if properly pled, the Court finds Banks cannot establish prejudice. Pursuant to the plea agreement, Banks received a lesser sentence than he could have received had he proceeded to trial and lost. Moreover, the record reflects that two eyewitnesses in each case positively identified Banks as the perpetrator, which refutes Banks' contention that there was a lack of evidence to convict him. Accordingly, in light of these facts, there is no reasonable probability Banks would have rejected the plea and insisted on going to trial. As such, Banks' claim in Ground Four (B) is due to be denied.

## F. Ground Four (D)

Banks avers that his trial counsel was ineffective for failing to challenge the arrest warrant in case 10-CF-3658. Doc. 12 at 15. Specifically, he claims that the victims, his mother and stepfather, never provided a written statement or complaint as stated in the affidavit included with the warrant. Id.

Banks raised this claim in state court as ground D of his Amended Rule 3.850 Motion. Resp. Ex. G at 27-33. The circuit court denied the claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel . . .

failed to challenge the defective arrest warrant. . . . Further, the Defendant's plea form under heading "**Consultation With Attorney**" and "**Time for Consideration and Reflection**" clearly sets forth that the defendant and his attorney discussed all the charges and the possible defenses and the defendant chose to enter his plea of guilty because he believed it was in his best interest to do so. . . . Finally, a review of the arrest warrant in question and the arrest and booking report refute the defendant's entitlement to relief on his allegations regarding the invalid arrest and defective arrest warrant. [T]he Defendant has failed to show that there is a reasonable probability that had counsel acted as the Defendant suggests he should have that the outcome would have been any different. Accordingly, this Court finds the Defendant has not established error on the part of counsel that prejudiced his case. <u>Strickland</u>, 446 U.S. 668.

<u>Id.</u> at 83 (emphasis in original and record citations ommitted). Banks appealed and the First DCA per curiam affirmed the circuit court's denial of this claim without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[9] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not entitled to deference, the claim in Ground Four (D) is without merit. The record refutes

---

[9] In accordance with <u>Wilson</u>, the Court presumes that the appellate court adopted the "relevant reasoning" of the circuit court. <u>Wilson</u>, 138 S. Ct. at 1194.

Banks' allegation that the arrest affidavit states the victims made written complaints on the day of the incident. <u>See</u> Resp. Exs. A1; A3. The affidavit outlines the victim's statements to law enforcement but does not state those statements were written down. <u>Id.</u> To the extent Banks challenges the affidavit as not containing written statements from a material witness, the Court finds this argument unavailing. Florida Rule of Criminal Procedure 3.121 governs arrest warrants and nothing within that rule requires written statements from victims. <u>See</u> Fla. R. Crim. P. 3.121; <u>see also</u> <u>Johnson v. State</u>, 660 So. 2d 648, 654 (Fla. 1995) (citations omitted) (noting that "[u]nlike the burdens of proof in a criminal trial, the obligation to establish probable cause in an affidavit may be met by hearsay, by fleeting observations, or by tips received from unnamed reliable informants whose identities often may not lawfully be disclosed among other reasons."). Accordingly, any objection or argument against the arrest warrant on these grounds would have been meritless and counsel cannot be found ineffective for failing to raise a meritless argument. <u>See</u> <u>Diaz</u>, 402 F.3d at 1142; <u>Bolender</u>, 16 F.3d at 1573. Additionally, Banks has failed to establish the requisite prejudice needed to receive federal habeas relief on this claim because he did not allege he would have proceeded to trial but for counsel's alleged error. <u>Hill</u>, 474 U.S. at 59; <u>see also</u> <u>Ward</u>, 592 F.3d at 1163. As Banks has failed to establish either deficient performance or prejudice, his claim for relief in Ground Four (D) is due to be denied.

## G. Ground Four (E)

As Ground Four (E), Banks contends that his trial counsel was ineffective for failing to investigate and suppress evidence related to the traffic stop that resulted in Banks' arrest. Doc. 12 at 16. According to Banks, the officer who stopped the vehicle never

issued a citation or a warning for any traffic infraction. Id. Banks claims this demonstrates that the officer had no objective reason for stopping the vehicle. Id.

Banks raised this claim in state court as ground E of his Amended Rule 3.850 Motion. Resp. Ex. G at 33-37. The circuit court denied relief on this claim, stating in pertinent part:

> In his Motion, the Defendant claims that counsel rendered ineffective assistance of counsel in that counsel . . . failed to suppress evidence . . . [and] failed to challenge the defective arrest warrant. . . . There is nothing in the record to support these conclusory statements. There is no evidence that there were grounds for a motion to suppress or dismiss or that if one had been filed it would have been granted by the trial court. Further, the Defendant's plea form under heading "**Consultation With Attorney**" and "**Time for Consideration and Reflection**" clearly sets forth that the defendant and his attorney discussed all the charges and the possible defenses and the defendant chose to enter his plea of guilty because he believed it was in his best interest to do so. . . . Finally, a review of the arrest warrant in question and the arrest and booking report refute the defendant's entitlement to relief on his allegations regarding the invalid arrest and defective arrest warrant. [T]he Defendant has failed to show that there is a reasonable probability that had counsel acted as the Defendant suggests he should have that the outcome would have been any different. Accordingly, this Court finds the Defendant has not established error on the part of counsel that prejudiced his case. Strickland, 446 U.S. 668.

Id. at 83 (emphasis in original and record citations omitted). Banks appealed and the First DCA per curiam affirmed the circuit court's denial without a written opinion. Resp. Ex. J.

To the extent that the First DCA decided the claim on the merits,[10] the Court will address the claim in accordance with the deferential standard for federal court review of state court adjudications. After a review of the record and the applicable law, the Court

---

[10] In accordance with Wilson, the Court presumes that the appellate court adopted the "relevant reasoning" of the circuit court. Wilson, 138 S. Ct. at 1194.

concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Banks is not entitled to relief on the basis of this claim.

Nevertheless, even if the state appellate court's adjudication of the claim is not entitled to deference, the claim in Ground Four (E) is without merit. Banks waived any argument his counsel should have investigated or put forward a defense when he pled guilty and affirmed his satisfaction with counsel's services,. Smith, 41 So. 3d at 1040. Additionally, Banks did not allege prejudice as Hill required. Doc. 12 at 12. Accordingly, Banks has failed to establish the requisite prejudice needed to be entitled to federal habeas relief on a claim that he involuntarily entered a plea based on ineffective assistance of counsel. See Hill, 474 U.S. at 59; see also Ward, 592 F.3d at 1163. Moreover, the mere fact the officer did not issue a traffic citation does not render the traffic stop illegal. See United States v. Monzon-Gomez, 2244 F. App'x 954, 959 n.4 (11th Cir. 2007) (noting that "[t]he fact that [the arresting officer] did not issue a speeding citation, a point emphasized by [petitioner], is irrelevant to the probable-cause inquiry."). As such, Banks has failed to demonstrate either deficient performance or prejudice. His claim in Ground Four (E) is due to be denied.

## VII. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Banks seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Banks "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Amended Petition (Doc. 12) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.      If Banks appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of

appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4.      The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of October, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:      Markevias Banks, #133497
        Donna Gerace, Esq.